IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSEPH JARMOND ESTED,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-0181-L** |
| | § | |
| **DYNCORP INTERNATIONAL INC.,** | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before this court is Defendant DynCorp International Inc.'s Motion to Dismiss, filed June 23, 2010. After reviewing the motion, response, reply, and applicable law, the court **denies** Defendant DynCorp International Inc.'s Motion to Dismiss.

**I.      Factual and Procedural Background**

This action was originally filed by Plaintiff Joseph Jarmond Ested ("Ested") against Defendant DynCorp International Inc. ("DynCorp") in the United States District Court for the Southern District of New York on January 12, 2009. Plaintiff alleged employment discrimination on the basis of his race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. The action was transferred to this court pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(3), because the alleged discrimination occurred within this judicial district. Ested filed his Amended Complaint ("Complaint") on June 14, 2010, alleging violations of Title VII and the Texas Commision on Human Rights Act, Tex. Lab. Code § 21.001, *et seq*.

Ested alleges that beginning in March 2006, he was recruited through DynCorp's Texas office to work as a police adviser in Afghanistan. While employed by DynCorp, Ested alleges that he was the victim of a number of instances of employment discrimination, including harassment and retaliation based on his race. DynCorp has now moved to dismiss Ested's complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. DynCorp's sole argument is that it alleges, and Plaintiff admits, that Ested's employment contract was with DynCorp International FZ-LLC ("DynCorp FZ"), rather than DynCorp International Inc., and that Plaintiff has therefore failed to allege sufficient facts to show that DynCorp was his employer as defined by Title VII.

## II.     Legal Standard for DynCorp's Motion to Dismiss

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has

pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

**III.   Analysis**

DynCorp argues that Ested has failed to state a claim upon which relief can be granted against it because Ested's employment contract (the "Agreement") was with a separate company, DynCorp FZ, a Dubai Internet City based limited liability company. DynCorp contends that the Agreement governed the "terms of his employment, his pay, work schedule, working conditions, benefits, and termination." Mot. to Dismiss 3. Ested does not dispute these facts; however, he argues that DynCorp is liable as his employer because the two companies were an integrated enterprise.

Title VII permits liability only against a plaintiff's employer. *Foley v. University of Houston Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003). The statute defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). A company may be held liable under Title VII even if it is not the direct employer of the plaintiff if it is part of an integrated enterprise, meaning that it is only superficially distinct from the direct employer. *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983). To determine whether the two entities were engaged in such an integrated enterprise, the court looks at four factors: "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Id* (footnote omitted). The second factor, centralized control of labor relations, is the most important and requires the court to inquire "what entity made the final decisions regarding employment matters related to the person claiming discrimination." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 (5th Cir. 2007) (citation and quotations omitted).

DynCorp argues that Ested has failed to meet this test because he has alleged in a conclusory manner that DynCorp was the entity that hired, supervised, and controlled him. The court disagrees. Ested has alleged a number of specific facts that would establish that DynCorp had centralized control of his employment and made final decisions regarding his employment. He alleges that his recruitment and training was by DynCorp. He alleges that he complained to DynCorp's management about racial discrimination. DynCorp's Regional Commander, Andrew Schmidt, also allegedly investigated one of Plaintiff's complaints about racial discrimination. Plaintiff also alleges that he interacted with or was supervised by other DynCorp managers in the course of his employment, including Deputy Contingent Commander Roy Kirk, Support Manager Steve Cantrell, and Deputy Contingent Commander Mark Harris. Finally, he contends that his employment was terminated by DynCorp on January 6, 2007.

Taking the facts in the light most favorable to him, Ested has alleged sufficient facts to plausibly assert that it was DynCorp that controlled his employment and made final decisions regarding his employment. The court finds that Ested sufficiently alleged that DynCorp was his employer pursuant to Title VII. DynCorp's motion to dismiss for failure to state a claim should therefore be denied.

## IV. Conclusion

For all the reasons stated herein, the court **denies** Defendant DynCorp International Inc.'s Motion to Dismiss.

**It is so ordered** this 3rd day of August, 2010.

_/s/ Sam A. Lindsay_
Sam A. Lindsay
United States District Judge